IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICARDO MARTINEZ,<br><br>Defendant. | No. 3:13-cr-00056-SHL-SBJ-3<br><br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE AND RELATED REQUESTS** |

Ricardo Martinez, proceeding *pro se*, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on an unusually long sentence. (ECF 348.) In this motion, Martinez also requests an order: (1) allowing family and friends to submit character letters on his behalf, and (2) appointing an attorney for purposes of seeking relief under Amendment 821 to the United States Sentencing Guidelines. In separate—but related—motions, Martinez additionally requests an order: (1) directing the Government to procure/produce documents reflecting his rehabilitation (ECF 349), and (2) directing the Government to procure/produce his medical records (ECF 350). For the reasons set forth below, the Court DENIES all aspects of each motion.

**I.   BACKGROUND**.

On September 18, 2013, a grand jury in the Southern District of Iowa returned a multi-defendant Indictment charging Martinez with Conspiracy to Distribute a Controlled Substance (Count One), and Possession of a Firearm in Furtherance of Drug Trafficking Crimes (Count Ten). (ECF 39.) Martinez pled guilty to Counts One and Ten pursuant to a Rule 11(c)(1)(C) plea agreement. (ECF 175; ECF 177.) At sentencing, the Court (Gritzner, C.J.) accepted the parties' plea agreement and sentenced Martinez to the mandatory minimum sentence of 120 months on Count One and 60 months on Count Ten, to be served consecutively. (ECF 229.) The Eighth Circuit dismissed Martinez's appeal, concluding that the appeal waiver in the plea agreement was enforceable and there were no non-frivolous issues outside the scope of the waiver. *See United States v. Martinez*, 610 F. App'x 584 (8th Cir. 2015).

In May 2016, Martinez moved for retroactive sentencing relief pursuant to Amendment 782 to the Sentencing Guidelines. (ECF 288.) Judge Gritzner denied the motion because Martinez

was sentenced pursuant to an 11(c)(1)(C) plea agreement in which he "waived any right to seek a reduction of sentence upon amendment to the relevant guidelines." (ECF 291; ECF 177, ¶ 11.) The order further noted that Martinez's sentence was not calculated based on drug quantity, so Amendment 782 would have no effect. (ECF 291.)

More recently, Martinez moved for retroactive relief pursuant to Amendment 821 to the Sentencing Guidelines. (ECF 342.) In an order dated January 2, 2024, the Court determined that Martinez was not eligible for relief because he was sentenced to the statutory mandatory minimum on both Counts. (Id., p. 3.) For the reasons outlined in the prior order—which remain true today—Amendment 821 (alone or in combination with Amendment 782) does not authorize the Court to reduce Martinez's sentence below fifteen years.

Martinez now moves for compassionate release. (ECF 348.) He asks the Court to reduce his sentence to time served and modify the terms of his supervised release. (Id., p. 1.) He argues that he received an unusually long sentence, of which he has served many years; that he has a record of rehabilitation; and that he has a low risk of recidivism based, in part, on his age. (Id., pp. 6–10.) He also makes several requests related to the motion, including that his family and friends be allowed to submit letters on his behalf (id., p. 8); for the appointment of an attorney (id., pp. 10–11); and for orders directing the Government to obtain certain documents on his behalf (ECF 349; ECF 350). The Government did not file a response.

## II.     LEGAL STANDARDS AND ANALYSIS.

*A.  Legal Standards for Compassionate Release.*

18 U.S.C. § 3582(c)(1)(A) authorizes the Court to modify a sentence of imprisonment in certain circumstances. A prisoner seeking relief must first file a request with the Bureau of Prisons (BOP) asking it to bring a motion for compassionate release on the prisoner's behalf. 18 U.S.C. § 3582(c)(1)(A). This is a "mandatory" requirement; if it is not satisfied, the Court must dismiss the motion for compassionate release without prejudice. *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). Prisoners may file a First Step Act motion with the Court only if: (1) "the prisoner has 'fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion' on his behalf" or (2) thirty days have passed from the time the prisoner's request for compassionate release was received by the warden of the facility where the prisoner is incarcerated. *Id*. at 1083–84 (quoting 18 U.S.C. § 3582(c)(1)(A)).

If the exhaustion requirement has been satisfied, courts:

>  *may* reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)) (emphasis in opinion but not statute). In evaluating whether to grant a motion for compassionate release under the First Step Act, the court first "must decide whether the defendant is eligible for relief." *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019). If so, "the court must decide, in its discretion, whether to grant a reduction." *Id*. "The compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022). Instead, the defendant bears the burden of providing "extraordinary and compelling circumstances" warranting a sentencing reduction. *Vangh*, 990 F.3d at 1140–41. A hearing is not required on a motion for compassionate release, *id*. at 1140, nor is the Court required to appoint counsel, *see United States v. Meeks*, 971 F.3d 830, 834 (8th Cir. 2020).

    B.  *Martinez Has Not Satisfied the Exhaustion Requirement*.

Martinez's motion does not allege that he made a request for compassionate release to the warden of his facility. He has therefore not exhausted administrative remedies, and his motion for compassionate release must be DENIED WITHOUT PREJUDICE. *See Houck,* 2 F4th at 1048.

To the extent Martinez's motion is understood as seeking additional relief under Amendment 821 (which is not subject to the exhaustion requirement) or is otherwise not subject to exhaustion, the Court nonetheless would not reduce his sentence. Part of Martinez's argument arises under USSG § 1B1.13(b)(6), which provides that "an unusually long sentence" is, under some conditions, an extraordinary and compelling reason for a sentencing reduction. One of those conditions is that a change in the law (other than a non-retroactive Guidelines amendment) must produce a gross disparity between the defendant's sentence and the sentence likely to be imposed at the time the compassionate release motion is filed. USSG § 1B1.13(b)(6). Assuming without deciding that the United States Sentencing Commission had the authority to make non-retroactive changes to law for compassionate relief, Martinez has not identified any change in law that has produced a gross disparity in sentencing. Specifically, the statutes under which Martinez was convicted, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 18 U.S.C. § 924(c), still establish

statutory mandatory minimum sentences of ten years and five years, respectively. Further, while a sentence of 180 months is undoubtedly a long sentence, Martinez's original Guidelines range was 135–168 months on Count One, plus 60 months on Count Ten. Even with the reduction of his Criminal History Category from III to II (pursuant to Amendment 821), his Guidelines range would be 121–151 months on Count One, plus 60 months on Count Ten. His current sentence is below the bottom of this range. There is no "gross disparity" in a person's sentence when he is sentenced within, or below, the present-day Sentencing Guidelines range.

Martinez also asks the Court to consider his post-sentencing rehabilitation. Martinez has not, however, described in detail what he has done to rehabilitate himself. (ECF 348, p. 9.) While he mentions taking higher education classes, has not identified which classes, or provided supporting documentation. In any event, rehabilitation, is not in and of itself or in combination with his other arguments enough to constitute an "extraordinary and compelling reason." USSG §1B1.13(d); *see also United States v. Fine*, 982 F.3d 1117, 1119 (8th Cir. 2020).

Martinez's emphasis on his reduced recidivism risk is similarly misplaced. This is, essentially, a request for the Court to consider the factors set forth in 18 U.S.C. § 3553(a)—including, specifically, public safety—as part of determining whether "extraordinary and compelling reasons" exist. The compassionate release statute states, however, that the Court is to consider the factors set forth in § 3553(a) only "if it finds that – (i) extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). In other words, Martinez must make a threshold showing of "extraordinary and compelling reasons" before the Court can reach the § 3553(a) factors. Martinez's argument flips the statute on its head by asking the Court to use the § 3553(a) factors as a reason for finding "extraordinary and compelling reasons." The Court's discretion is not so broad. *See Crandall*, 25 F.4th at 586.

C. *Martinez's Related Requests Are Denied as Moot.*

Martinez has not identified any authority allowing the Court to order the Government to obtain his BOP medical or rehabilitative records. Further, for the reasons discussed above, the medical and rehabilitative records are immaterial because Martinez has not exhausted administrative remedies or identified "extraordinary and compelling reasons" for the Court to reduce his sentence. Accordingly, his Motion for an Order Directing the Government to Procure/Produce Petitioner's Post-Rehabilitation Documents (ECF 349) and his Motion for an

Order Directing the Government to Procure/Produce Petitioner's Medical Records (ECF 350) are DENIED AS MOOT.

Likewise, because the Court does not reach the § 3553(a) factors, Martinez's request for leave to submit letters of support is DENIED AS MOOT.

Finally, because the Court already evaluated and denied Martinez's request for relief as to Amendment 821, his request for appointment of counsel as to that issue is DENIED AS MOOT. The Court is not required to appoint counsel on a motion for compassionate release, *see Meeks*, 971 F.3d at 834, and declines to do so here. To the extent this request is encompassed in Martinez's Motion, this request is DENIED.

### III.   CONCLUSION.

Because Martinez has not shown that he exhausted administrative remedies, the Court DENIES WITHOUT PREJUDICE his motion for compassionate release. (ECF 348.) His related requests are DENIED and DENIED AS MOOT. (ECF 348, 349, 350.)

**IT IS SO ORDERED.**

Dated: October 1, 2024

_____
STEPHEN H. LOCHER
U.S. DISTRICT JUDGE